And our last case for argument is Conner v. Mahajan. Mr. Jones. Thank you, Your Honor. May it please the court. My name is Patrick Jones and I represent Kenneth Conner in this case. He is the relator who filed the case on behalf of the U.S. government under the False Claims Act. The issue on appeal is whether the district court erred when it invoked the Doctrine of Issue preclusion to deny Conner's motion for determination as to his right to a relator's share under Section 3730C5 of the FCA. All parties, including the district court in this case, agree that the standard for issue preclusion is whether the issue is that the finding must have been essential to the prior holding. In this case, the prior holding at issue is the Mahajan court's ruling, and the Mahajan case is the one brought by the FDIC, a related case to the QITAM action. The Mahajan court's ruling on whether Conner should have been permitted to intervene in that case pursuant to Rule 24 of the Federal Rules of Civil Procedure. The Mahajan court held that that motion should be denied because the motion was untimely. In effect, it was filed more than four years after the case had begun, and Conner had been aware of the proceedings the whole time. But there was an alternative holding on the merits of the question now before us. There was additional discussion by the Mahajan court on the second element of Rule 24 intervention, and that was whether Conner had an interest in the underlying lawsuit. And in that, a sub-issue to that determination was whether the FDIC was proceeding as the government for terms of Section 3730, or whether they were proceeding as something other than the government. Right. That's the issue in this case about whether this is an alternative remedy that he's entitled to a share of. Right. So we do have an identity of the issues, and that was litigated and decided as an alternative basis? Actually, we don't have a true identity of issues, Your Honor, as I discussed in the pages 11 and 12 of the appellant's brief. The issue in, the issue that the Mahajan court actually decided was that the FDIC wasn't litigating the related case as the government. The Mahajan court conceded that the FDIC initiated the related case as the government, and that's actually the correct issue under Section 3730. So if anything in this case, there should have been issue of preclusion in favor of Conner. Nonetheless, that additional finding that you raised, Your Honor, is, cannot be the subject of history preclusion because it wasn't essential. If you throw away all that talk about the FDIC proceeding as the government, you still have the same holding in the case. The motion under Rule 24 of the federal rules was not timely. It was four years late. The Mahajan court's discussion of that additional prong of Rule 24 intervention was not necessary to determine the outcome of the case. It was pure dicta. Well, no, it was an alternative ground fully evaluated by the magistrate judge and not contested by you. Right, and that's a good point, Your Honor. It wasn't contested by Conner because if he were to simply appeal that case or that order, the two issues of timeliness and whether or not he had a protectable interest in the case are inextricably intertwined. If we appealed that order, then we're going to lose on timeliness every time. Four years isn't timely. I can concede that. Right, but that doesn't affect the preclusion analysis. The issue was decided against you in the FDIC receivership, and so you can't relitigate it in the QITAM action. Well, the issue wasn't decided against us, Your Honor, because it wasn't essential to that order. Well, it was. It was an alternative ground. I mean, either ground would suffice, but if you thought that one was legally flawed, you had the option of taking an appeal to the district court or objecting to the magistrate judge's ruling in the district court and getting the scope of that ruling trimmed down if you wanted to preserve your options here, and you didn't do that. No, we didn't, because by challenging that amendment, one, we would have lost on the timeliness issue and we would have never gotten to the interest issue, and two, if we would have prevailed, we would have simply gotten a right to intervene in a case that would have been settled. So appealing that order would have been entirely futile, and also when that order was entered, I read that as a holding, as the court said, the Mahjong Court, at page 8, it held that the holding of the case was that the motion was denied because it wasn't timely. On page 11, the court reiterates when it's looking at intervention not as a right, but, I can't think of the word right now, but intervention not as a right, but of a, permissive, thank you, that the holding of the court was, page 11, that Connor had no right to intervene under 24A on grounds of timeliness. So I really do believe that the continued going on past the discussion of timeliness, holding the motion was denied because it wasn't timely, then discussing other issues that aren't essential to the case. And the case cited by the amicus brief, the amicus brief posits at page 13 that, quote, a judgment that rests on two or more alternative grounds has preclusive effect as to each ground, unquote. That's at page 13, and they're citing Magnus Electronics, a Seventh Circuit case from 1987. However, that's not what Magnus Electronics says at all. In fact, Magnus Electronics has never been cited in over 30 years for that proposition. The general rule of issue preclusion that the amicus brief misstates is this. If a prior judgment is based on determinations of two separate issues, as you alluded to, Your Honor, it is not preclusive as to either of these issues standing alone. That general rule of post Magnus Electronics most recently, or not most recently, but for example, by Baker versus Potter in 2006. So even if you don't accept the argument that the Mahajan Court's discussion of the interest wasn't dicta, then the decision still must be reversed under this general principle. Because in this case, the Mahajan Court arguably made two determinations. One that it was untimely, and then two, that Conard didn't have an interest in the litigation. Under the general rule of issue preclusion as adopted by the circuit, neither determination can have preclusive effect when standing alone. And that's exactly what the district court did in this case. She looked only to the second remedy, or the second determination regarding whether or not Conard had an interest in the litigation, and she failed to even mention the previous and the primary finding that the motion was denied because it wasn't timely. Therefore, this court's decision in this case must be reversed so that Conard can have the issue of the relator's share finally and appealably settled in a judgment so that he can then appeal if he disagrees. Kenneth Conard sacrificed his entire career to blow the whistle on mutual bank for fraud that cost the United States over $100 million. At the very least, under the False Claims Act, he deserves a final appealable determination as to whether he is entitled to the whistleblower's reward. Thank you. Okay. Thank you, Mr. Jones. Mr. Stevens. Good morning, and may it please the Court. Duncan Stevens, on behalf of the Federal Deposit Insurance Corporation, as receiver for mutual bank. The district court in this case correctly applied the Doctrine of Issue Preclusion and correctly declined to reopen the issue of whether Mr. Conard was entitled to an alternate remedy recovery of the settlement reached in the Mahajan case. Should this court reach the issue, and we don't believe it needs to, it should find that the Mahajan court correctly and denied Mr. Conard the alternate remedy recovery he sought. On the question of issue preclusion, let me begin where my colleague ended. My colleague said Mr. Conard is entitled to an appealable final judgment on this issue. Well, he got one. He got one in the Mahajan case when he moved for leave to intervene in that case. His motion for leave to intervene was denied, and a denial of a motion for leave to intervene is appealable by the intervener, as this court held in the city of Milwaukee case, but he did not avail himself of that opportunity. If he wanted to take up the issue of whether he was entitled to an alternate remedy share, he had that option. He passed on it, and the district court did not err in saying, we are not the court of review. We are not passing on the correctness of the Mahajan court's judgment. That is for this court. Now my colleague has argued that the discussion of the alternate remedy issue in the Mahajan magistrate judge decision was dicta, but with respect, that discussion goes on for a full three pages. Generally, dicta in a court's opinion is treated as such. It is treated as a short discussion that is preceded by some acknowledgment that the court doesn't have to reach the issue, but is simply noting the issue in passing for illustration or something else. Nothing about this treatment of this alternate remedy issue in the Mahajan case looks like dicta to me. It appears to be an alternative ground for reaching the judgment, and under this Court's decision in Magnus and this Court's decision in Shellong, when there is more than one ground for reaching a judgment, that the judgment is deemed preclusive as to each of the alternative grounds. I don't have Magnus before me, but we stand by our citation of Magnus on this point. And the rationale is obvious. The court, a subsequent court, shouldn't have to delve into, well, was this one more important or was that one more important? When a court relies on multiple grounds for reaching a judgment, it is preclusive as to each ground, and that is what happened in this case. Nor would it have been futile for Mr. Conrad to take an appeal to the district court, to object to the district court, or if the district court denied those objections and adopted the R&R, it would not have been futile for him to take up an appeal to this court. He had the opportunity to appeal. He did not avail himself of it. On the underlying issue, Mr. Conrad's key time claim was a fundamentally different claim from the FDIC's claim in Mahajan. The FDIC brought suit in Mahajan to vindicate wrongs done to the bank by the defendants in that case. The defendants were directors and officers of Mutual Bank. They had harmed Mutual Bank by breaching their fiduciary duties to the bank and by committing gross negligence, and the FDIC brought suit to recover those losses and vindicate those harms done to the bank. But this key time case, like all key time cases, is about harm to the government. It's about fraudulent statements to the government. Mr. Conrad's theory of the case was that the defendants, some of the same defendants, though not all, had misstated, had understated the bank's liability for deposit insurance premiums, and that the bank had underpaid deposit insurance premiums as a result, and that the result, and then the key time suit sought to recover those underpaid premiums. That is a fundamentally, fundamentally different theory. It is worlds apart from the Mahajan case. Furthermore, the defendants, as I've suggested, were different, and their transactions were almost entirely non-overlapping. So on the record, even if this Court reaches that underlying issue of the alternate remedy, it should find that the Mahajan Court was correct in denying Mr. Conrad the alternate remedy recovery, because the FDIC simply did not bring the same claim in the Mahajan case as Mr. Conrad sought to litigate in this case. Two final points on the alternate remedy issue. The alternate remedy provision assumes that the relator did not get the opportunity to litigate in the Mahajan case. But that's not true here. Mr. Conrad had the opportunity to litigate his key time case, and he litigated it through summary judgment, and he lost. Nothing about the FDIC bringing the Mahajan case prevented him from litigating his key time case. If that case had been meritorious, the Court presumably would have awarded him – would have awarded judgment against the defendants and given him his share. So nothing about the FDIC bringing suit in Mahajan cut off his ability to pursue that case. He simply lost. And that – that is a salient consideration. That is a dispositive consideration in looking at whether a relator is entitled to an alternate remedy share. If the Court has no further questions, we ask that the district court's order deny Mr. Conrad an alternate remedy share on the basis of issued preclusion be affirmed. Okay. Thank you, Mr. Stanley. Mr. Jones, do you have any further? Your Honors, as I said, I believe that when you read the Magnus Electronics case, you'll see that it's complete misreading. It's been criticized by the – by the Sixth Circuit, and it does not say what the FDIC wishes it said. The accepted standard is the one that I pointed to, that if there are dual findings, then those findings cannot be the subject of issue preclusion standing alone. With respect to whether or not the language was dicta, the discussion, at page 8, the judge prefaces it with, here's another factor that warrants some discussion. It doesn't sound like he's going into an in-depth review to me. And the problem, the concern with dicta, is that the judge hasn't really given it much thought. And as I point out in my brief at pages 11 and 12, Judge Kim, Magistrate Judge Kim, got it wrong. He misapplied it to the FCA statute, which wasn't before him. Well, the remedy for that is in the district court, and then an appeal, if you're still unsatisfied. Not if this – not if that order doesn't serve as issue preclusion. Then the remedy is to file the motion for determination of the relator share, which we had done, which was pending when Magistrate Judge Kim issued his order. Why is it not a remedy to seek review in the district court if you think the magistrate judge was wrong? Because getting – being successful in that appeal would simply get us back into the Mahajan court as an observer. It wouldn't get us the remedy we wanted. It wouldn't get us a decision that the – that Connor is entitled to a relator share. That's an issue that had to be decided in this district court. And the court erred when it avoided doing that by relying on dicta and a secondary finding in the Mahajan case. Thank you very much. Okay. Well, thank you both counsel, and court will be in recess until next argument day.